# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM H. PAYNE, III,

      Plaintiff,                       :        Case No. 3:10-cv-463

                                                     District Judge Timothy S. Black
      -vs-                                         Magistrate Judge Michael R. Merz

                                               :

PHIL PLUMMER, SHERIFF, et al.,

      Defendant.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or

(B) the action or appeal --
(I) is frivolous or malicious;

(ii) fails to state a claim upon which relief can be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).  The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25 (1992);  *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

The Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)("PLRA") does not apply to habeas corpus cases or §2255 motions, either in the district court or on appeal. *Kincade v. Sparkman*, 117 F.3d 949, (6th Cir. 1997).

Plaintiff originally filed this case against Montgomery County Sheriff Phil Plummer, two named and several pseudonymous Montgomery County corrections officers, a pseudonymous doctor and members of the medical staff at the County Jail, the Mayor of Dayton and the other city commissioners (named as members of the "city council"), the Dayton City Manager, Governor Ted Strickland, the Dayton Chief of Police and pseudonymous Dayton police officers, the City of Dayton, and Montgomery County. However, in an attachment to the Complaint he said he only wanted to proceed against two of the Defendants. The Court then ordered him to say which two and what his claims were against them (Order, Doc. No. 4).

In response, Plaintiff has filed his Amended Complaint which says he wants to sue Sheriff Plummer and Dayton Mayor Gary Lietzel [sic]. He says absolutely nothing about anything either of them has done to him, much less pleading a claim which might be plausible.

It is therefore respectfully recommended that this action be dismissed without prejudice for

3

failure to state a claim against either Sheriff Plummer or Mayor Leitzel.  The Clerk shall not issue process in this matter.

December 28, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).